```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA           :

        - against -                :
                                               ORDER
ERIC ERSKINE,                      :
                                            05 Cr. 1234 (DC)
             Defendant.            :

- - - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge:**

        Defendant Eric Erskine, pro se, moves this court to reduce his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  Dkt. No. 223.  For the reasons that follow, Erskine's motion is **DENIED**.

        In 2006, Erskine pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute narcotics, and I sentenced him to 262 months' imprisonment and five years of supervised release.  Dkt. No. 47.  On March 5, 2019, I granted Erskine's motion for a resentencing pursuant to Section 404 of the First Step Act and resentenced him to imprisonment of time served plus ten days and four years of supervised release.  Dkt. No. 204.  Erskine commenced supervision on or about March 15, 2019.

        On June 1, 2020, Erskine filed this pro se motion for early termination of his supervised release.  Dkt. No. 223.  Under § 3583(e)(1), I have the authority, after considering the

factors set forth in § 3553(a)(1)-(7), to terminate a term of supervised release following one year of supervision if "such action is warranted by the conduct of the defendant . . . and the interests of justice." 18 U.S.C. § 3583(e)(1).  The § 3553(a) factors require me "to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency."  *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir. 1997).  Early termination may be warranted where "new or unforeseen circumstances . . . [such as] exceptionally good behavior by the defendant . . . render a previously imposed term either too harsh or inappropriately tailored to serve" general punishment goals.  Id. at 36.

Erskine has now served more than one year of his term of supervised release and he is thus eligible for consideration of a reduction of his term of supervised release.  See 18 U.S.C. § 3583(e)(1).  In his motion to the court, Erskine argues that termination of his supervision is appropriate here because he is in full compliance with his conditions of supervision, maintains full employment, and is overall seeking to improve himself. Dkt. No. 223 at 4-5.  Erskine also asserts that "he has started a trucking company and needs the liberty to travel without restriction."  Id. at 4.

The Government has communicated with Erskine's Probation Officer in the Northern District of Georgia and

confirmed that Erskine is in full compliance with his terms of supervision.  Dkt. No. 225 at 1-2.  As for Erskine's trucking company, the Government reports that although "the Probation Officer reported discussing [Erskine's] desire to start such a business with [him], and the corresponding need for [Erskine] to obtain pre-authorization to travel, . . . the Officer was not aware that [Erskine] had in fact moved forward with opening such a business."  Id. at 2.  Although the Probation Office is satisfied with Erskine's conduct thus far, the Government reports that the Office does not recommend early termination "before the supervisee has served at least half of the required term -- here two years."  Id. at 2.

The Government also opposes early termination on the ground that "Erskine has not identified any extraordinary circumstances or unforeseen consequences . . . that warrant its early termination."  Id.  As for Erskine's trucking company and argument regarding employment, the Government notes that Erskine has yet to make a travel request in connection with his trucking business and that it is not even clear that the company is operational.  Id.  Thus, in the Government's view, Erskine has failed to establish that supervision is interfering with his employment opportunities.  Id.

Erskine is doing well on supervision and I commend the hard work, focus, and commitment to bettering himself he has

demonstrated since his release from incarceration. Integrating back into society after a jail term is not an easy task, and Erskine's conduct thus far demonstrates to me that he is on the right path.  Still, Erskine has only been on supervision for slightly over a year, and a year of compliance is simply not enough time for me to determine whether Erskine's sentence of four years of supervised release was "too harsh or inappropriately tailored" to serve the goals of sentencing. *Lussier*, 104 F.3d at 36.

Accordingly, Erskine's motion for termination of supervised release is **DENIED**. Assuming he continues on the same positive course he has been on, I encourage Erskine to renew his application after he has completed approximately half of his four-year term.  In the meantime, I encourage Erskine to stay focused and to work with his Probation Officer should he find that his employment opportunities require travel outside of his area of supervision.

The Clerk of Court is directed to mail a copy of this order to the United States Attorney for the Southern District of New York and to Erskine at the address listed below.

SO ORDERED.

Dated:   New York, New York
         July 2, 2020

                                              __s/Denny Chin_____
                                              DENNY CHIN
                                              United States Circuit Judge
                                              Sitting by Designation

To:   Eric Erskine
      75 Meadowood Trail
      Lithonia, GA 30038