```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :

        - against -                :
                                              MEMORANDUM DECISION
                                                   & ORDER
ERIC ERSKINE,                     :
                                              05 Cr. 1234 (DC)
                Defendant.        :

- - - - - - - - - - - - - - - - - -x

APPEARANCES:        Eric Erskine
                    Defendant Pro Se
                    75 Meadowood Trail
                    Lithonia, GA 30038

                    Audrey Strauss, Esq.
                    Attorney for the United States
                    By:  Emily A Johnson, Esq.
                         Assistant United States Attorney
                    One St. Andrews Plaza
                    New York, NY  10007
```

**CHIN, Circuit Judge:**

Defendant Eric Erskine, pro se, moves this court to terminate his term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  Dkt. No. 227.  For the reasons that follow, Erskine's motion is **GRANTED**.

BACKGROUND

In 2006, Erskine pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute narcotics, and I sentenced him to 262 months' imprisonment and five years of supervised release.  Dkt. No. 47.  On March 5,

2019, I granted Erskine's motion for a resentencing pursuant to Section 404 of the First Step Act and resentenced him to imprisonment of time served plus ten days and four years of supervised release.  Dkt. No. 204.  Erskine commenced supervision on or about March 15, 2019.

On June 1, 2020, Erskine filed a pro se motion for early termination of his supervised release.  Dkt. No. 223.  He argued that termination was appropriate because he was in full compliance with his conditions of supervision, maintained full employment, and was generally seeking to improve himself.  Id. at 4-5.  Erskine also asserted that "he ha[d] started a trucking company and need[ed] the liberty to travel without restriction." Id. at 4.

The Government opposed his application.  Dkt. No. 225. It acknowledged that Erskine was in full compliance with the terms of his supervision but noted that Erskine's Probation Officer in the Northern District of Georgia -- where Erskine is supervised -- did not recommend early termination before Erskine "served at least half of the required term -- here two years." Id. at 2.  The Government also opposed early termination on the ground that "Erskine has not identified any extraordinary circumstances or unforeseen consequences" that warranted early termination.  Id.

I denied Erskine's motion because he had been on supervised release for only slightly more than a year, and a year of compliance was "not enough time for me to determine whether Erskine's sentence of four years of supervised release was 'too harsh or inappropriately tailored' to serve the goals of sentencing." Dkt. No. 224 at 4 (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). I concluded my order by encouraging Erskine to renew his application after he completed approximately half of his four-year term of supervision, "[a]ssuming he continues on the same positive course he ha[d] been on." Id.

On February 8, 2021, Erskine filed a second motion for early termination of his supervised release, Dkt. No. 227, and again the Government opposed, noting that the supervising Probation Office "does not recommend early termination of supervised release before the supervisee has served at least half of the required term -- here, two years, which will occur on or about March 15, 2021, Dkt. No. 229.

## DISCUSSION

Under § 3583(e)(1), I have the authority, after considering the factors set forth in § 3553(a)(1)-(7), to terminate a term of supervised release following one year of supervision if "such action is warranted by the conduct of the defendant . . . and the interests of justice." 18 U.S.C.

§ 3583(e)(1).[1]  The § 3553(a) factors require me "to consider general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency."  Lussier, 104 F.3d at 35 (2d Cir. 1997).  I am mindful, however, that "[s]upervised release is not, fundamentally, part of the punishment; rather, its focus is rehabilitation."  United States v. Aldeen, 792 F.3d 247, 252 (2d Cir. 2015), as amended (July 22, 2015), superseded by statute on other grounds as stated in United States v. Smith, 949 F.3d 60 (2d Cir. 2020); see United States v. Johnson, 529 U.S. 53, 59 (2000) ("Supervised release fulfills rehabilitative ends, distinct from those served by incarceration.").

Ultimately, "[t]he decision whether to grant early termination rests within the discretion of the district court."  United States v. Harris, 689 F. Supp. 2d 692, 694 (S.D.N.Y. 2010) (citing Lussier, 104 F.3d at 36).

Erskine asserts, and the Government does not dispute, that he has remained in full compliance with the terms of his supervision, has maintained gainful employment as a residential care provider at View Point Health, is the primary caregiver of his 78-year-old mother who suffers from COPD, and has been a

---

[1]  As I noted in my order on Erskine's first motion for termination of supervised release, Erskine has now served more than one year of his term, and he is thus eligible for consideration of a reduction or termination.  See 18 U.S.C. § 3583(e)(1).

productive member of and successfully integrated back into society.  Id. at 4.

The Government -- as it did in its original opposition to Erskine's motion -- acknowledges that Erskine is fully compliant with the terms of his supervision, but it opposes early termination at least in part because Erskine has served less than half of his term of supervised release.  Dkt. No 229 at 2.  Further, the Government again argues that Erskine has not "identified any extraordinary circumstances or unforeseen consequences stemming from his supervised release that warrants its early termination."  Id.

I find that early termination is appropriate here.  First, Erskine has demonstrated "exceptionally good behavior."  Lussier, 104 F.3d at 36.  He has been not only fully compliant with the terms of his supervision but also has taken considerable strides in reintegrating into his community through employment and service to his family.  Further, Erskine did so after I explained to him and the Government that I would reconsider his motion after another year of supervision, implying that I would do so favorably if "he continue[d] on the same positive course he ha[d] been on" toward complete rehabilitation.  Dkt. No. 226 at 4; see United States v. Thomas, 346 F. Supp. 3d 326, 335 (E.D.N.Y. 2018) ("Termination is

appropriate when the rehabilitative goals of supervised release may no longer be attained . . . .").

Second, while the Government noted that the Probation Office does not recommend early termination before Erskine has served at least half of the required term, the Government does not indicate that Probation has any objection to Erskine's release after he has done so.  We are just a few days away from that halfway point.

Finally, while the Government is correct that full compliance with terms of supervised release is what is expected of Erksine, Dkt. No. 229 at 2 (quoting United States v. Rasco, No. 88-CR-817, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000)), "this at bottom is a discretionary judgment," United States v. Skelsky, No. 02-CR-1087, 2006 WL 83333, at *1 (S.D.N.Y. Jan. 12, 2006); see Harris, 689 F. Supp. 2d at 694.  And having considered Erskine's conduct while on supervised release and the factors enumerated in 18 U.S.C. § 3553(a), I conclude that supervision is no longer necessary for Erskine.

Accordingly, Erskine's motion for termination of supervised release is **GRANTED**, effective ten days from today.  The Clerk of Court is directed to terminate the pending motion and mail a copy of this order to the United States Attorney for

6

the Southern District of New York and to Erskine at the address listed above.

    SO ORDERED.

Dated:    New York, New York
          March 8, 2021

                                          s/Denny Chin
                                          DENNY CHIN
                                          United States Circuit Judge
                                          Sitting by Designation